UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | | |
|---|---|---|---|---|
| Case No. | CV 20-10399JVS(KSx) | | Date | Feb. 24, 2021 |
| Title | Victor D. Menashe v. Biogen Inc. et al | | | |

| | |
|---|---|
| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

Proceedings:     **[IN CHAMBERS] Order Regarding Plaintiff's Motion for Appointment as Lead Plaintiff and Appointment of Counsel**

Two individuals and one group filed a request to be appointed lead plaintiff: Nadia Shash (Dkt. No. 8 ("Shash Mot.")); Leonard Shapiro (Dkt. No. 12 "Shapiro Mot.")); and finally, the Biogen Investor Group, comprised of Alexander Bondarenko, Igor Rabinovich, and Roman Suleymanov (Dkt. No. 14 (("Biogen Invest. Grp. Mot")).

Shash also filed an opposition, as did Shapiro. Dkt. Nos. 19 ("Shash Opp."), 23 ("Shapiro Opp."). The Biogen Investor Group filed a statement of non-opposition. Dkt. No. 21.

Shash and Shapiro then filed replies. Dkt. Nos. 27 ("Shapiro Reply"), 28 ("Shash Reply"), and 29.

For the following reasons, the Court **GRANTS** Shash's motion, and **DENIES** Shapiro's and the Biogen Investor Group's.

## I. BACKGROUND

The Complaint, filed on November 13, 2020, alleges that Biogen Inc., Michel Vounatsos, Jeffrey D. Capello, and Michael R. McDonnell violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder. Dkt. No. 1 at ¶ 2 ("Compl."). The relevant time period runs from October 22, 2019 to November 6, 2020. Id.¶ 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 20-10399JVS(KSx)                    Date   Feb. 24, 2021

Title   Victor D. Menashe v. Biogen Inc. et al

The Complaint alleges that they made false and/or misleading statements in connection with an investigational drug for Alzheimer's disease.  Id. ¶¶ 17-26. Specifically, they made false and/or misleading statements and/or failed to disclose that:

> (1) the larger dataset did not provide necessary data regarding aducanumab's effectiveness; (2) the EMERGE study did not and would not provide necessary data regarding aducanumab's effectiveness; (3) the PRIME study did not and would not provide necessary data regarding aducanumab's effectiveness; [and] (4) the data provided by the Company to the FDA's Peripheral and Central Nervous System Drugs Advisory Committee did not support finding efficacy of aducanumab . . ..

Id. ¶ 27.

## II.  LEGAL STANDARD

The PSLRA sets forth the procedures for the selection of lead plaintiff in class actions brought under the Exchange Act.  15 U.S.C. § 78u-4(a)(3)(B).  A member of the class may move the Court to serve as the lead plaintiff of the purported class not later than 60 days after the date on which notice has been given to the prospective class of the complaint.  Id. § 78u-4(a)(3)(A)(i)(II).  Then, "[n]ot later than 90 days after the date on which a notice is published . . . the court shall consider any motion made by a purported class member in response to the notice . . . and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members."  Id. § 78u-4(a)(3)(B)(I).

A rebuttable presumption exists that the most adequate plaintiff is the person or group of persons that has either filed the complaint or requested to serve as lead plaintiff, "in the determination of the court, has the largest financial interest in the relief sought by the class," and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  Id. § 78u-4(a)(3)B)(iii).

In the Ninth Circuit, In re Cavanaugh, 306 F.3d 726, 729–30 (9th Cir. 2002), governs lead plaintiff selection and establishes a three-step process.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    CV 20-10399JVS(KSx)                    Date    Feb. 24, 2021

Title    Victor D. Menashe v. Biogen Inc. et al

First, as discussed above, timely and complete notice of the action must be published.  Id. at 729.  Second, the district court considers the losses suffered by potential lead plaintiffs and selects "the one who 'has the largest financial interest in the relief sought by the class' and 'otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.'"  Id. at 730 (citing 15 U.S.C. § 78u-4(a)(3)(B) (iii)(I)).  Thus, the Court must determine which plaintiff "has the most to gain from the lawsuit."  Id.  Finally, the court focuses on that plaintiff to ensure that the proposed lead plaintiff "satisfies the requirements of [Fed. R. Civ. P.] 23(a), in particular those of 'typicality' and 'adequacy.'"  Id. A plaintiff who satisfies the first two steps becomes the "presumptively most adequate plaintiff."  Id.

Other plaintiffs have the opportunity to rebut the presumptive lead plaintiff's showing of typicality and adequacy.  Id. (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

**III.  DISCUSSION**

**A.    Appointment of Lead Plaintiff**

    *i.    PSLRA Prerequisites*

First, the Court considers whether the prospective lead plaintiffs timely filed their request.  The instant action was filed on November 13, 2020, meaning that the deadline for any member of the class to move the Court to serve as lead plaintiff would be January 13, 2021.  Each of the three prospective lead plaintiffs timely filed their requests to be appointed lead plaintiffs.  Shash, Shapiro, and the Biogen Investor Group filed on January 12, 2021.  Dkt. Nos. 8, 12, 14.

Therefore, each plaintiff satisfies this factor.

    *ii.    Financial Loss*

Second, the Court considers which prospective lead plaintiff has the largest financial interest in the relief sought.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 20-10399JVS(KSx)                    Date   Feb. 24, 2021

Title   Victor D. Menashe v. Biogen Inc. et al

Shash lost approximately $1,659,460 in connection with purchases of Biogen securities at the time of the alleged fraud.  Shash Mot., Dkt. No. 10-3 at 2.  Shash had purchased 13,931 shares at $343.00 per share on November 4, 2020, and sold the same amount of shares merely five days later at $223.88 per share.  Id.  Shash underscores that she suffered the greatest financial loss of all movants and that this loss makes her the presumptive lead plaintiff in her opposition.  Shash Opp. at 5, 7.  Further, the Biogen Investor Group supports Shash as the lead plaintiff by their non-opposition to her motion. Dkt. No. 21 at 2.

Shapiro lost approximately $177,155.14.  Shapiro Mot., Dkt. No. 12-5.  Shapiro wrote 30 put options for Biogen stock, receiving $25,371.94 in option premiums and took the contract to expiration where he expended $896,000 on purchasing 2,800 shares.  Id. Shapiro executed the transaction on November 5, 2020.  Id.

The Biogen Investor Group lost approximately $1,304,106.  Biogen Invest. Grp. Mot., Dkt. No. 16-1.  Together, it purchased 24,200 shares of stock (21,200 shares purchased at $292.50, 1,000 at $300.00, 1,100 at $287.50, 500 at $295.00, and 400 at $310.00).  Id.  Divided by the three members of the Biogen Investor Group, this amounts to approximately $434,702 per investor.  Id.  The Biogen Investor Group executed these transactions on November 5-6, 2020.

Shash suffered the greatest financial injury.  Not only did Shash purchase the greatest number of shares, but also, bought and sold those shares when they were at their greatest difference.  Therefore, this factor favors Shash, and under Cavanaugh, Shash is the presumptive lead plaintiff.

iii.    *Rule 23(a) Requirements*

Finally, the Court considers whether the prospective lead plaintiffs satisfy the requirements of Federal Rule of Civil Procedure 23(a), particularly those of adequacy and typicality.

"The typicality threshold is satisfied where the proposed lead plaintiff's claims arise from the same conduct from which the other class members' claims and injuries arise." Teran v. Subaye, Inc., No. 11 Civ. 2614 (NRB), 2011 WL 4357362, at *5 (S.D.N.Y. Sept. 16, 2011) (internal quotation marks omitted).  "The adequacy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    CV 20-10399JVS(KSx)                          Date    Feb. 24, 2021

Title       Victor D. Menashe v. Biogen Inc. et al

requirement is satisfied where (1) class counsel is qualified, experienced, and generally able to conduct the litigation, (2) there is no conflict between the proposed lead plaintiff and the members of the class, and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." Foley v. Transocean Ltd., 272 F.R.D. 126, 131 (S.D.N.Y. 2011).

Shash asserts that she "shares substantially similar questions of law and fact with the members of the class" and like members of the class, purchased Biogen securities at artificially inflated prices. Shash Mot. at 7. Shapiro asserts that Shash is inadequate because she proffered no sworn declaration or other proof from which the Court could evaluate her typical and adequacy to serve as lead plaintiff. Shapiro Opp. at 6.

Shapiro asserts the same, namely because like other members of the class, he too purchased Biogen securities at artificially inflated prices and also has no conflicts with the interests of the members of the class. Shapiro Mot. at 10-11. Shapiro adds that because he filed a securities class action in the District of Massachusetts as well, he meets the Rule 23 requirements more so than Shash. See Shapiro v. Biogen Inc. et al., No. 1:21-cv-10017-IT (D. Mass). That action names two additional defendants not present here. Shash asserts that Shapiro is inadequate and atypical because he only engaged in options trading. Shash Opp. at 16.

The Biogen Investor Group argues that it also satisfies this requirement because, like Shapiro and Shash, it purchased Biogen securities at artificially inflated prices. Biogen Invest. Grp. Mot. at 8. Biogen adds that it is an appropriate group to be considered as lead plaintiff as well, as it is a "small and cohesive group of three investors." Id. at 9-10. Shash contends that this purported group is inappropriate because other than familial ties between two of the members of the group, the group is otherwise unrelated and it engaged only in option trading and short-selling. Shash Opp. at 9-13.

The Court explores the typicality and adequacy requirements for each party. While each party advances substantially the same argument in favor of it satisfying the Rule 23(a) requirements, upon review, the Court finds otherwise.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 20-10399JVS(KSx)                         Date   Feb. 24, 2021

Title      Victor D. Menashe v. Biogen Inc. et al

First, the Biogen Investor Group suffers from group cohesion issues.  The Biogen Investor Group's members reside in Minnesota, Pennsylvania, and Florida, and other than their "shared belief in the merits of this action" and "shared desire to achieve the best possible result for the Class" (and other shared beliefs and preparedness), they seemingly share no other relationship.  Dkt. No. 16-4 ¶¶ 2-4, 7.  Sakhrani v. Brightpoint, Inc., 78 F. Supp. 2d 845, 847 (S.D. Ind. 1999) ("Where the members of the group do not share business or other relationships independent of the lawsuit, however, this court concludes that appointment of such an artificial group of persons as lead plaintiffs should be rare under the PSLRA."); In re Network Assocs., Inc., Sec. Litig., 76 F. Supp. 2d 1017, 1019 (N.D. Cal. 1999).  Therefore, because this group appears artificial and shares little in common, the Court finds that it does not meet the adequacy and typicality requirements of Rule 23(a).

Second, the Biogen Investor Group and Shapiro may not have claims typical of the class, particularly owing to the fact that its investors engaged in options trading.  Cook v. Allergan PLC, 2019 WL 1510894, at *2 (S.D.N.Y. Mar. 21, 2019); In re Critical Path, Inc. Sec. Litig., 156 F. Supp. 2d 1102, 1109 (N.D. Cal. 2001).  Shash claims that Shapiro may have atypical claims because he *only* engaged in options trading.  Shash Opp. at 16. While Shapiro did sell 30 put options for Biogen shares, he also purchased 2,800 Biogen shares as the termination of those put options.  Dkt. No. 12-1 at 9; Shapiro Reply at 5. Shapiro also cites to a series of laws for the proposition that even though he sold put options, his claims may still be typical.  Shapiro Reply at 6.  However, despite these cases, it is clear that Shapiro will have at lest some claims that are not typical of those of the class members that merely purchased shares.

Third, Shash's motion gives the Court little to consider her adequacy and typicality.  Here, the Court agrees with Shapiro that Shash provided little information "regarding her experience in securities markets, her trading history or strategy, [or] [] any indication whether the trades she allegedly executed were made by her personally or by her broker, dealer, or some other third party who may have exercised their own discretion."  Shapiro Opp. at 6-7.  Nonetheless, Shash claims that Shapiro's assertions here are insufficient to rebut the presumption in favor of her as the lead plaintiff.  Shash Reply at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 20-10399JVS(KSx)                          Date   Feb. 24, 2021

Title      Victor D. Menashe v. Biogen Inc. et al

Each movant suffers from adequacy and typicality flaws.  However, the Court finds that Shash has made a sufficient preliminary showing.  Shash has been investing for ten years, is a CEO of a company, a licensed attorney, and a business school graduate. Dkt. No. 9 at 8.  While the Court acknowledges that Shash failed to proffer a sworn declaration to the same, see Shapiro Opp. at 7-8, the Court declines to view that failure as dispositive of whether Shash would be an adequate lead plaintiff.  See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co., 229 F.R.D. 395, 417-18 (S.D.N.Y. 2004).  Moreover, Shapiro's claim here is insufficient to rebut the presumption of Shash as the lead plaintiff.  15 U.S.C. § 78u-4(a)(2)(A).

In summary, the first factor is neutral as to all prospective lead plaintiffs.  The second factor favors Shash.  The third factor, while not clearly favoring any single movant, tends to Shash's favor.  Therefore, the Court appoints Shash as lead plaintiff.

**B.       Appointment of Lead Counsel**

Once the Court has designated a lead plaintiff, the lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "[T]he district court does not select class counsel at all."  Cavanaugh, 306 F.3d at 732. "The district court should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently." Cohen v. U.S. Dist. Court, 586 F.3d 703, 711 (9th Cir. 2009). Rather, "if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." Id. at 712.

Here, Shash has selected the Rosen Law Firm, P.A. as lead counsel.  The Firm has significant background in litigating similar cases.  See Dkt. No. 10-4.  It also has "been actively researching the class' and Movant's claims – reviewing publicly available financial [sic] and other documents while gathering information in support of the claims against the Defendants..."  Shash Mot. at 8.  The Court sees no reason to reject Shash's proposed counsel.

Therefore, the Court **GRANTS** Shash's request to approve the Rosen Law Firm, P.A. as lead counsel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    CV 20-10399JVS(KSx)                    Date    Feb. 24, 2021

Title    Victor D. Menashe v. Biogen Inc. et al

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Shash's motion, and **DENIES**
Shapiro's and the Biogen Investor Group's.

**IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |